**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RANDY McDONALD (#452858)**                                      **CIVIL ACTION**

**VERSUS**

**BURL CAIN, WARDEN, ET AL.**                                     **NO. 09-0850-RET-CN**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, January 26, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RANDY McDONALD (#452858)                                              CIVIL ACTION

VERSUS

BURL CAIN, WARDEN, ET AL.                                             NO. 09-0850-RET-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate previously incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Secretary James M. LeBlanc, and the Louisiana State Fire Marshall Inspector, complaining that his constitutional rights were violated by the conditions of confinement to which he was subjected at that facility, notably through over-crowding and through double-bunking of the handicapped dormitory, resulting in a greater risk of harm to inmates.

In his original Complaint, the plaintiff indicated that he did not present the facts relative to his claim though the administrative remedy procedure at LSP.  Pursuant to 28 U.S.C. § 1997e, however, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[1]  This provision is mandatory and applies broadly to "all suits about prison life". <u>Porter v. Nussle</u>, 534 U.S. 516, 122 S.Ct. 983, 152 L.ed.2d 12 (2002).  Further, a prisoner must exhaust his administrative remedies by complying with applicable prison grievance

---

[1] 42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

procedures. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Although administrative exhaustion is an affirmative defense which a prisoner plaintiff is not required to plead or prove in his Complaint, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), where it is apparent from the face of the plaintiff's pleadings that he has failed to exhaust the prison grievance procedures, a dismissal sua sponte is appropriate for failure of the plaintiff to state a claim upon which relief may be granted. See Tanner v. Federal Bureau of Prisons, 475 F.Supp.2d 103 (D.D.C. 2007). See also Carbe v. Lappin, 492 F.3d 325 (5th cir. 2007).

In the instant case, the plaintiff admitted in his Complaint that he failed to exhaust administrative remedies relative to the claim presented herein. Although he asserts that prison officials "suppress my first Amendment Right, with threat of bodily harm", this conclusory statement, without factual development or other corroboration, is insufficient to support his failure to comply with the mandatory requirements of 42 U.S.C. § 1997e. See Mauskar v. Lewis, 2009 WL 2351750 (S.D., Tex. July 28, 2009). See also Summers v. Gibson, 105 Fed.Appx. 605 (5th Cir., 2004). Accordingly, because the affirmative defense of exhaustion appears clear on the face of the plaintiff's pleadings, the plaintiff's Complaint is subject to dismissal, sua sponte, for failure

to exhaust administrative remedies.

## RECOMMENDATION

It is recommended that this action be dismissed, without prejudice, as a result of the plaintiff's failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e, but with prejudice to his refiling the same claim in forma pauperis, see Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998).

Signed in chambers in Baton Rouge, Louisiana, January 26, 2010.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**