UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RANDY McDONALD (#452858)**  CIVIL ACTION

**VERSUS**

**BURL CAIN, WARDEN, ET AL.**  NO. 09-0850-BAJ-CN

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, October 25, 2011.

                              **MAGISTRATE JUDGE CHRISTINE NOLAND**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RANDY McDONALD (#452858)**                                    **CIVIL ACTION**

**VERSUS**

**BURL CAIN, WARDEN, ET AL.**                                   **NO. 09-0850-BAJ-CN**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the plaintiff's Motion for Summary Judgment, rec.doc.no. 22.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Secretary James M. LeBlanc, and the Louisiana State Fire Marshal, complaining that the defendants have subjected him to unconstitutional conditions of confinement and have exhibited deliberate indifference to his health and safety, notably through over-crowding and double-bunking in the handicapped dormitory (resulting in a greater risk of harm to LSP inmates) and through a denial of appropriate medical care.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Supporting affidavits must set forth facts which would be admissible in evidence, and the nonmoving party is not required to respond to the motion until the movant has properly supported his motion with competent evidence. Id. Once the movant has carried his burden of proof, the burden shifts to the non-movant to show that the entry of summary judgment is not appropriate. Celotex Corp. v. Catrett,

supra. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56.

The Court concludes, on the record before it, that the plaintiff's motion should be denied at the present time. The plaintiff has not attached to his motion certified copies of any of his medical records, the sworn statements of any persons attesting to the truth of his allegations, or even his own sworn statement relative thereto. Accordingly, he has not made a sufficient showing of entitlement to relief or of the absence of any genuine issues of material fact. Moreover, the record does not reflect that the defendants have been served with process in this case, and they have not yet appeared in this proceeding through the filing of an Answer or other responsive pleading. As a result, they have not been served with the instant motion and have not had either notice or an opportunity to respond thereto. Accordingly, the Court concludes that a grant of summary judgment would be inappropriate at this time. See, e.g., Ed & F Man Biofuels Ltd v. MV FASE, 728 F.Supp.2d 862 (S.D. Tex., 2010) (finding summary judgment to be premature where defendant had not filed an answer and where discovery had not commenced).

## **RECOMMENDATION**

It is recommended that the plaintiff's Motion for Summary Judgment, rec.doc.no. 22, be denied, and that this matter be referred back for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, October 25, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**