UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RANDY McDONALD (#452858)

VERSUS

BURL CAIN, WARDEN, ET AL.

CIVIL ACTION

NO. 09-850-BAJ-CN

**O R D E R**

This matter is before the Court on the plaintiff's Motion for Injunction (doc. 55).

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Secretary James M. LeBlanc, and the Louisiana State Fire Marshall Inspector, complaining that his constitutional rights have been violated by the conditions of confinement to which he has been subjected at that facility, notably through over-crowding and through double-bunking in the handicapped dormitory, resulting in a greater risk of harm to him and to other inmates.

In the instant motion for injunctive relief, the plaintiff asserts that he has been diagnosed with hepatitis, but prison officials have failed to adequately treat him for this condition for a number of years. The reason allegedly given for such non-treatment has been that the plaintiff also suffers with "roomatism arthritis", and that treatment for the former condition would subject him to negative side-effects in light of the latter condition. Notwithstanding, the plaintiff asserts that in January, 2012, a blood test conducted by an independent facility indicated that he does not have "roomatism arthritis." He therefore complains that the defendants are guilty of "medical neglect" and "malpractice" in their diagnosis and treatment of his medical

condition. Finally, the plaintiff complains that the defendants have failed to provide him with a complete copy of his medical records and with the written results of the blood test conducted in January, 2012.

The Court finds that the plaintiff's motion is lacking in sufficient factual detail and sufficient allegations of actual or irreparable harm or injury as would support a finding that injunctive relief should be granted. Specifically, there is insufficient information provided which would allow the Court to evaluate the seriousness of the plaintiff's medical condition or the likelihood of any injury or harm which may result from the alleged failure to provide him with the medication or care which he desires. It appears, therefore, that the plaintiff's claims are susceptible of being adequately addressed in this or a separate proceeding and that his request for injunctive relief should be denied. Specifically, the plaintiff has failed to establish, with any degree of certainty, any of the four elements warranting such relief at the present time: (1) a likelihood of irreparable injury, (2) an absence of harm to the defendants if injunctive relief is granted, (3) an interest consistent with the public good, and (4) a substantial likelihood of success on the merits. Canal Authority v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Accordingly, the plaintiff's Motion for Injunction (doc. 55) is hereby **DENIED.**

Baton Rouge, February 21, 2012.

                                                         BRIAN A. JACKSON
                                                         UNITED STATES DISTRICT JUDGE
                                                         MIDDLE DISTRICT OF LOUISIANA